**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo MENDOZA–ALVAREZ,**
**Defendant–Appellant.**

**No. 12–30186.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 3, 2013.

Alison L. Gregoire, Assistant U.S., USYA–Office of the U.S. Attorney, Yakima, WA, Frank A. Wilson, USSP–Office of the U.S. Attorney, Spokane, WA, for Plaintiff–Appellee.

Rick Lee Hoffman, Trial, Rebecca Louise Pennell, Esquire, Assistant Federal Public Defender, Federal Defenders Of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Alfredo Mendoza–Alvarez appeals from the district court's judgment and challenges the 27–month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Mendoza–Alvarez contends that the district court procedurally erred by failing to consider and explain why a new term of supervised release was warranted in light of U.S.S.G. § 5D1.1(c) (2011), which directs that a district court ordinarily should not impose a term of supervised release if the defendant is a deportable alien. The record reflects that the district court considered section 5D 1.1(c) and adequately explained why it declined to follow it. Contrary to Mendoza–Alvarez's contention, no written statement of reasons was required because the district court imposed a term of supervised release within the Guidelines range. *See* 18 U.S.C. § 3553(c)(2); U.S.S.G. § 7B1.3(g)(2); *United States v. Valdavinos–Torres,* 704 F.3d 679, 693 (9th Cir.2012) ("no departure analysis is triggered" by the imposition of supervised release because section 5D 1.1(c) is not mandatory).

Mendoza–Alvarez also challenges the term of supervised release as substantively unreasonable. The district court did not abuse its discretion in imposing a 27–month term of supervised release. *See*

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Valdavinos–Torres,* 704 F.3d at 692. The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Mendoza–Alvarez's numerous prior deportations. *See id.* at 692–93; *see also* U.S.S.G. § 5D1.1(c) cmt. n. 5 (district court should consider imposing term of supervised release on deportable alien if it determines supervised release would provide an added measure of deterrence and protection).

**AFFIRMED.**